### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW MEXICO

FILED

LAVERN ROBERTS, as Parent and
Next Best Friend of Dean Roberts,
Donald Roberts, and Donovan Roberts,
Minors,

06 JUL 31 PM 3:08

CLERK ALBUQUERQUE

Plaintiffs,

vs.   CIV-06-0551MV/LCS

THE UNITED STATES OF AMERICA,
Defendant.

### *GUARDIAN AD LITEM SETTLEMENT REPORT*

COMES NOW, Roger Moore, Esq., court appointed Guardian Ad Litem (GAL), to investigate and provide the court with a report regarding the proposed monetary settlement of the plaintiff minors' (Donald Roberts, Dean Roberts, and Donovan Roberts) personal injuries' claims against the defendant United States of America, in the above captioned matter, hereby submit his report as follows:

### *INVESTIGATION*

As part of the GAL investigation the GAL reviewed the Complaint for Personal Injuries Arising Under the Federal Tort Claims Act [Motor Vehicle]; Plaintiff's Unopposed Motion for Approval of Minors' Settlement; Stipulation for Compromise Settlement and Release of Federal Tort Claims Act Claims Pursuant to 28 U.S.C. §2677 (w/attachments-healthcare provider billing statements); and a July 27, 2006-telephonic interview with Mr. Donovan Roberts, Father and co-legal guardian of the minor plaintiffs', was conducted.



On August 22, 2004, the minor plaintiffs', while passengers in an automobile operated by their Mother-plaintiff Lavern Roberts, was struck by an automobile operated by the defendant and/or its agent or representative the Pueblo of Isleta, [Pueblo of Isleta Police Officer-Jonathan Abeita].

Based upon my July 27, 2006-interview with Mr. Donovan Roberts, the GAL was advised that: as a direct result of the August 22, 2004 automobile collision, the minor plaintiffs' suffered minor physical bruises. The extent of the minors medical treatment consisted of one (1) post accident to Doctor Sam Kassicieh, M.D. The medical visit consisted of physical examination of the minors in order to determine the extent of the physical injuries associated with the automobile collision. In addition, the minor plaintiffs' experienced several bad dreams which lasted for several days after the automobile collision and have subsequently ceased. Based upon the foregoing it appears that the minor plaintiffs' have not suffered any long term physical or emotional injuries as a direct result of the August 22, 2004-automobile collision, and have fully recovered from any adverse effects of the automobile collision.

The GAL was discussed and was advised by Mr. Roberts that any net monetary settlement proceeds would be placed in respective accounts for the use and benefit of the minors. (Dean Roberts and Donovan Roberts-Educational IRA) (Donald Roberts-Mutual Fund Trust Account).

### *MEDICAL EXPENSES/OUTSTANDING BILLS*

The minor plaintiffs' incurred the following medical expenses as a direct result of the August 22, 2004-automobile collision:

| | |
|---|---|
| Donald Roberts | $490.00 |
| Dean Robert | $460.00 |
| Donovan Roberts | $460.00 |

The GAL is unaware of any additional medical expenses incurred by/or on behalf of the minor plaintiffs'.

## *PROPOSED SETTLEMENT*

Under the terms of the proposed settlement each of the minor plaintiffs' would receive a gross total monetary settlement in the amount of $15,000.00. Under the terms of the proposed settlement plaintiffs' Dean Roberts and Donovan Roberts would each receive net settlement proceeds in the amount of *$10,390.52*. The foregoing reflects deductions of $4,007.81 (Attorneys' Fees); $141.67 (costs); $460.00 (Doctor Sam Kassieich) Under the terms of the proposed settlement plaintiffs' Donald Roberts will receive net settlement proceeds in the amount of *$10,360.52*. The foregoing reflects deductions of $4,007.81 (Attorneys' Fees); $141.67 (costs); $490.00 (Doctor Sam Kassieich) As noted in the medical billing received Doctor Sam Kassieich charged Dean and Donovan Roberts $460.00 for the medical visit and charged Donald Roberts $490.00 for his medical visit.

## *RECOMMENDATION OF GUARDIAN AD LITEM*

It is the opinion of the GAL that the medical expenses, costs, and attorneys' fees assessed to the minor plaintiffs are fair. Based upon the limited amount of medical treatment and the short duration of the emotional trauma to the minors, versus the amount of recovery, it is the opinion of the GAL that the net monetary settlement amount to the respective minor plaintiffs' is fair.

Based upon the GAL investigation, as set forth above, it is the recommendation of the GAL, that the proposed settlement of the minor plaintiffs' claims against the defendant United States of America as set forth in the Stipulation for Compromise Settlement and Release of Federal Tort Claims Act Claims Pursuant to 28 U.S.C. §2677 is approved by this Court.

Respectfully submitted,

*LAW OFFICES OF ROGER MOORE*

By /s/ Roger Moore
Roger Moore, Esq. Guardian Ad Litem
1101 Cardenas Drive NE, Suite 104 (87110)
Post Office Box 1441
Albuquerque, New Mexico 87103-1441
(505) 255-2900 - Telephone
(505) 255-2545 - Facsimile

## *CERTIFICATED OF SERVICE*

I hereby certify that on *July 31, 2006*, a true and correct copy of the foregoing was facsimile and mailed to the following: *BARUDIN LAW FIRM, P.C.*, c/o Theodore Barudin, Esq., 7900 Menaul Boulevard NE, Albuquerque, New Mexico 87110-4606; *UNITED STATES ATTORNEYS' OFFICE*, c/o Cynthia L. Weisman, Assistant United States Attorney, Post Office Box 607, Albuquerque, New Mexico 87103-607.

/s/ Roger Moore, Esq.